IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| DONALD L. HOWELL, | ) | |
| | ) | Civil No. 04-1883-AS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| GUY HALL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ASHMANSKAS, Magistrate Judge:

**PROCEDURAL BACKGROUND**

Plaintiff Donald L. Howell, an inmate in the custody of the Oregon Department of Corrections (ODOC) currently housed at the Two Rivers Correctional Institution (TRCI), brings this civil rights action *pro se*. Plaintiff's complaint alleges that defendants (Guy Hall, three named individuals and four unnamed members of the TRCI Disciplinary Segregation Unit Extraction Team) violated his Eight and Fourteenth Amendment rights during

1 - FINDINGS AND RECOMMENDATION                                        [LB]

the process of removing his lunch bag from his cell in December 2002. Plaintiff seeks economic and non-economic damages and injunctive relief.

Defendants filed an Unenumerated 12(B) Motion to Dismiss on all claims on the ground that plaintiff failed to exhaust administrative remedies prior to filing the present action. For the reasons set forth below, defendants' Unenumerated 12(B) Motion to Dismiss should be granted and plaintiff's Complaint should be dismissed without prejudice.

## DISCUSSION

Defendants seek an order dismissing plaintiff's Complaint on the ground that plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA). According to defendants, plaintiff failed to resolve his claims through the available grievance and/or discrimination complaint system provided by ODOC and, as such, failed to exhaust his administrative remedies before he filed this federal action on December 27, 2004, as required by 42 U.S.C. § 1997e(a).

The PLRA states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Failure to exhaust is an affirmative defense that defendants have the burden

2 - FINDINGS AND RECOMMENDATION                                    [LB]

of raising and proving. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The defense is subject to an unenumerated Rule 12(b) motion in which the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1120.

When a prisoner has not exhausted nonjudicial remedies, the court should dismiss the claim without prejudice. Id. The prisoner must exhaust all available remedies, even if the remedies are not "plain, speedy, and effective," and even if the prisoner seeks relief not available in grievance proceedings, such as money damages. Porter v. Nussle, 534 U.S. 516, 524 (2002)(PLRA's exhaustion requirement applies to all prisoner suits about prison life, whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong).

In Oregon, grievances are processed in accordance with the ODOC Administrative Rules for Inmate Communication and Grievance Review System.[1] Inmates can grieve: (1) the application of, or lack of, any administrative directive or operational procedure; (2) unprofessional behavior or action directed toward an inmate by an employee or volunteer; and (3) any oversight or error affecting an inmate. OAR 291-109-0140(2)(a). Inmates are encouraged to talk to first line staff as their primary way to

---

[1] Plaintiff was an inmate at TRCI at all times material to this lawsuit.

3 - FINDINGS AND RECOMMENDATION                                    [LB]

resolve disputes and, if not satisfied, to use a written inmate communication form. OAR 291-109- 0120(2)(a)(A) and (B). If this does not resolve the issue, the inmate can file a grievance if it complies with the rules and no other review process is available. OAR 291-109-0140(1)(a) and (2)(b)(B).

To file a grievance, an inmate completes a form titled CD 117. If the matter is not an emergency, the inmate must complete the grievance form within 30 days of the incident. OAR 291-109-0140(3). Once the grievance coordinator processes the grievance, the inmate may seek an appeal. OAR 291-109-0140(4) and (5).

An inmate can appeal a grievance response to the functional unit manager by completing a grievance appeal form and filing it with the grievance coordinator within 14 days of receipt of the response. OAR 291-109-0140(5)(a). If still not satisfied, the inmate can appeal the functional unit manager's decision by completing another grievance appeal form and filing it with the grievance coordinator within fourteen days. This final appeal is decided by an assistant director having authority over the issue. OAR 291-109-0140(5)(b).

Discrimination complaints must be made pursuant to a different set of rules set forth in OAR 291-006-0005 through OAR 291-006-0025. Under these rules, an investigation is done and a response is given to the inmate. The inmate is then entitled to further review of the response to the discrimination complaint by

a person or entity not under the supervision or control of the institution to which the inmate is assigned.

Inmates are informed of the grievance process at Admission and Orientation (A&O) classes upon their initial arrival at an ODOC facility. Should an inmate miss the A&O session for some reason, makeup classes are offered. The information presented at A&O is also contained in the inmate handbook provided to every inmate at every institution. Furthermore, grievance forms are available from housing officers and at various central locations throughout the institution. Plaintiff does not allege that he was unaware of the grievance process.

Defendants maintain that plaintiff failed to complete the steps outlined above for the claims alleged in his Complaint. In fact, Defendants' undisputed contention is that plaintiff filed no grievances with regard to the conduct challenged here prior to filing the present Complaint. As explained below, the record reveals that plaintiff filed only one unrelated grievance prior to filing his Complaint in federal court.

In support of their motion to dismiss, defendants submitted the affidavit of Aleca Nelson, the Rules and Grievance Coordinator and Minority Affairs Officer at TRCI. In her affidavit, Nelson states that a thorough review of her records reveals that "although Mr. Howell filed a grievance relating to former TRCI employee Terence Hinson, a named defendant in this

5 - FINDINGS AND RECOMMENDATION                                    [LB]

case, that particular grievance was not processed because it was defective." Moreover, that grievance, dated May 27, 2003, was an attempt by plaintiff to have Cpl. Hinson assigned to another Unit and was unrelated to the conduct challenged by plaintiff's Complaint.

Nelson states in her affidavit that she returned the unrelated grievance form to plaintiff on May 27, 2003, with a memorandum explaining that because he had not attempted to resolve the complaint at the lowest possible level by speaking face-to-face and follow-up with an inmate communication to Captain Hults (OIC) or Captain Iverson, he had not complied with the administrative rule governing grievance processing. Subsequently, plaintiff neither complied with the procedures outlined by Nelson or appealed her decision to return the grievance.

Nor did plaintiff file a discrimination complaint with respect to the December 2002 incident. Defendants insist that because plaintiff chose not to complete either the grievance or inmate discrimination complaint process, plaintiff has failed to exhaust his administrative remedies with respect to the pending complaint.

Plaintiff does not dispute defendants' assertion that only one unrelated grievance was filed. Indeed, in his Complaint, plaintiff conceded that he failed to comply with the grievance

6 - FINDINGS AND RECOMMENDATION                                    [LB]

process by responding "No" to the question: "Have you filed a grievance concerning the facts relating to this?" (Complaint ¶II C.) Despite plaintiff's admission in his Complaint that he was aware of the requirements of the PLRA, he insists that the grievance process is complete and this case should move forward.

Plaintiff proffers several arguments in attempt to be excused from the exhaustion requirement. For example, in his Complaint, plaintiff alleges he was unable to file a timely grievance due to the lack of materials available in the DSU and he was misled about whether he could raise constitutional issues in the grievance process. Additionally, in his opposition to the defendants' motion to dismiss, plaintiff asserts that he should be excused from the exhaustion requirement because the time period to grieve the December 2002 event has lapsed. According to plaintiff, he was not able to file timely because of the limited availability of the needed materials in DSU, where he was housed during the 30 days following the December 2002 incident; because of the trauma and shock he suffered following the incident; because of his limited education (GED); and because of his "scant experience with these matters." Thus, the exhaustion requirement must be waived because he would not now be permitted to grieve the events of December 2002. The court will consider plaintiff's contentions to determine whether they can excuse him from exhausting administrative remedies.

7 - FINDINGS AND RECOMMENDATION                                          [LB]

As mentioned above, there is no evidence in the record, nor does plaintiff allege, that he satisfied the ODOC's administrative procedures for grievances prior to filing suit in federal court. As such, he has not met the strict requirement set forth by the PLRA that prisoners <u>must</u> seek all nonjudical remedies prior to filing suit in federal court. Moreover, a prisoner's concession to nonexhaustion is a valid ground for dismissal of an action. <u>See</u>, <u>e.g.</u>, <u>Wyatt</u>, 315 F.3d at 1120; <u>McKinney v. Carey</u>, 311 F.3d 1198, 1200-1201 (9th Cir.2002) (per curiam).

With respect to plaintiff's claim that he "was hindered by the limited materials available to [him] at the [DSU]," the record establishes that filing a grievance does not require that an inmate conduct legal research or cite case law. Rather, the inmate is required only to describe the incident being challenged, i.e., time, place, people, events. There is no evidence that, by virtue of being housed in DSU, plaintiff was unaware of this procedure or that he was otherwise hindered in his ability to satisfy even the first step of the grievance process. Nor is there any evidence that plaintiff was misled in attempt to prevent him from filing a grievance. Thus, plaintiff's failure to comply with the exhaustion requirement cannot be excused on the basis of being housed in DSU.

The court will consider next plaintiff's claim that because the 30-day period for filing a grievance has expired he should be excused from the exhaustion requirement. Defendants have demonstrated that there exists a grievance system which was made available to plaintiff. Plaintiff admits to not exhausting those administrative remedies. The fact that the time period for filing a grievance has expired does not excuse plaintiff's failure to exhaust. The grievance procedures were available to plaintiff at the time of the alleged incidents and his failure to employ them in a timely manner cannot excuse the exhaustion requirement.

Plaintiff must still submit his untimely grievance to the TRCI and appeal all denials of his claims completely through the ODOC's administrative process to satisfy the PLRA's exhaustion requirement. By so doing, the prison will decide whether to exercise its discretion and accept or refuse the opportunity to hear the case on the merits regardless whether the grievance is timely filed. See Booth v. Churner, 532 U.S. 731, 740-741 n.6 (2001)(Supreme Court's admonishment not to read "futility or other exceptions" into § 1997e(a), even if plaintiff was able to show a likelihood that his administrative appeal will be dismissed as untimely, such showing would not suffice to excuse compliance with the exhaustion requirement); see also Townes v. Paule, 407 F.Supp.2d 1210, 1218-1219 (S.D.Cal. 2005)

9 - FINDINGS AND RECOMMENDATION                                    [LB]

Plaintiff has cited no facts or authority that he was denied access to the ODOC administrative procedures. The inmate is required to pursue the grievance process to its conclusion. Here, plaintiff failed to take even the first step toward exhausting the claims set forth in his Complaint. As such, the court is unable to reach the merits of plaintiff's civil rights claims unless and until plaintiff has exhausted his administrative remedies through the prison system. The court concludes that plaintiff has not yet complied with the exhaustion requirement and defendants' Unenumerated 12(b) Motion to Dismiss should be granted.

## CONCLUSION

Based on the foregoing, defendants' Unenumerated 12(b) Motion to Dismiss (doc. #38) should be GRANTED, and plaintiff's Complaint (doc. #4) should be DISMISSED without prejudice. All remaining motions should be DENIED as moot.

Dated this 23rd day of June 2006

_____
Donald C. Ashmanskas
United States Magistrate Judge

**SCHEDULING ORDER**

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due July 13, 2006. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.